IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARIF COPELAND,<br>    Petitioner, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 20-CV-2926<br>: |
| BERNEDETTE MASON, *et al.*,<br>    Respondents. | :<br>: |

**ORDER**

On November 18, 2020, Sharif Copeland filed a Request for Extension of Time to File an Amended Petition (ECF No. 9), stating only that counsel needed time to review the record and seeking 90 days to submit an amended petition.

This Court has the discretion to "permit an amendment to a petition to provide factual clarification or amplification after the expiration of the statute of limitations." *Anderson v. Pa. AG,* 82 F. App'x 745, 751 (3d Cir. 2003). However, timeliness in the habeas context must be addressed on a "claim-by-claim" basis. *Mayle v. Felix*, 545 U.S. 644, 649, 664 (2005). The present request for extension of time provides no discussion of the timeliness of the present petition or the amendment proposed. There is a one-year statute of limitations on the filing of a petition for *habeas corpus* relief that cannot be extended without a demonstration that the petitioner is entitled to equitable tolling. 28 U.S.C. § 2244(d)(1). There is no such showing in the present request for extension of time.

**AND NOW** this **20th** day of **November, 2020**, **IT IS ORDERED** that:

1. Petitioner's request for extension of time to file an amended petition is **GRANTED**.

2. To the extent that this motion is a request for equitable tolling, that request is **DENIED WITHOUT PREJUDICE** to petitioner's right to raise the argument in future pleadings.

                         **BY THE COURT:**

                         */s/ Eduardo C. Robreno*

                         **EDUARDO C. ROBRENO, J.**